

## NUMBERS
## 13-11-00696-CR
## 13-11-00697-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

REGINO GUAJARDO, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Chief Justice Valdez

Appellant, Regino Guajardo, pleaded guilty in appellate cause number 13-11-00696-CR to the offense of aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011), and in appellate cause number 13-11-697-CR, to two counts of burglary of a habitation, *see id.* § 30.02 (West 2011). The trial court deferred adjudication and placed Guajardo on community supervision for a term of ten years.

The State then filed a motion to revoke Guajardo's deferred adjudication community supervision in each case, alleging that he had violated various terms of his community supervision. Guajardo pleaded "true" to several of the alleged violations in both cases. After hearing evidence in each case, the trial court found that Guajardo had violated the terms of his community supervision, revoked his community supervision, and found him guilty of the offenses. The trial court sentenced Guajardo to forty years' imprisonment for the aggravated sexual assault of a child offense and ten years for each burglary of a habitation offense. The trial court ordered the sentences to run concurrently. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in each case, Guajardo's appellate counsel has filed a brief with this Court stating that after diligently reviewing the record and researching the law, he has found no reversible error committed by the trial court and no arguable grounds of error upon which an appeal can be predicated. Although counsel's briefs do not advance any arguable grounds of error, they do present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Guajardo's counsel has carefully discussed why, under controlling authority,

there are no errors in the trial court's judgments. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of the brief and counsel's motion to withdraw in each case on Guajardo; and (3) informed Guajardo of his right to review the record and to file a pro se response in each case.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Guajardo has not filed a pro se response in either case. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's briefs, and we have found nothing that would arguably support an appeal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Guajardo's attorney has asked this Court for permission to withdraw as counsel in each case. *See Anders*, 386 U.S. at 744; *see also*

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

*In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw in appellate cause numbers 13-11-00696-CR and 13-11-00697-CR. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgments to Guajardo and advise him of his right to file a petition for discretionary review in each case.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

———————————
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
31st day of May, 2012.

---

[2] No substitute counsel will be appointed. Should Guajardo wish to seek further review of each case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition or petitions for discretionary review or file a pro se petition or petitions for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that is overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.